IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01633-WYD-BNB

HEALTHONE OF DENVER, INC., a Colorado corporation, et al.

    Plaintiffs,

v.

UNITEDHEALTH GROUP INCORPORATED, a Minnesota corporation,

    Defendant.

## STIPULATED ~~PROPOSED~~ PROTECTIVE ORDER

The parties anticipate that certain of their confidential business records may be produced in discovery in this matter and that such confidential records must be protected from further disclosure. Pursuant to Federal Rule of Civil Procedure 26(c), the Court finds good cause for entry of this Stipulated Proposed Protective Order ("Protective Order") to provide such protection according to the terms and conditions below. To expedite the flow of discovery material and the litigation of this case, facilitate the prompt resolution of disputes over confidentiality, and adequately protect material entitled to be kept confidential, it is, by agreement of the parties, ~~STIPULATED and~~ ORDERED that:

    1.    This Protective Order shall apply to all documents, electronically stored information, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" and "electronically stored information" are defined as provided in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of these terms.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and concerns trade secrets, proprietary information, or other business or financial information that is not publicly available. CONFIDENTIAL information shall not be disclosed or used for any purpose except in pretrial discovery, at the trial, or in preparation for trial, or for any appeals of this action.

4. Information designated "HIGHLY CONFIDENTIAL" shall only be information that is extremely sensitive CONFIDENTIAL information of a proprietary business or technical nature, that would be of great value to a competitor, potential competitor, customer, and/or potential customer of the party or non-party holding the proprietary rights thereto, and whose disclosure to another party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means. HIGHLY CONFIDENTIAL information shall not be disclosed or used for any purpose except in pretrial discovery, at the trial, or in preparation for trial, or for any appeals of this action.

5. CONFIDENTIAL documents, electronically stored information, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

   (a) attorneys who are actively working on this case;

   (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for

trial, at trial, or at other proceedings in this case;

    (c)    the parties' designated representatives;

    (d)    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    (e)    the Court and its employees ("Court Personnel");

    (f)    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    (g)    deponents, witnesses, or potential witnesses; and

    (h)    other persons by written agreement of the parties.

6.    Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person an executed copy of the Acknowledgement of Protective Order attached hereto as Exhibit A, stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

7.    HIGHLY CONFIDENTIAL information shall be maintained in strict confidence for use by outside counsel, in-house counsel for the parties who are assisting in the litigation, and any other persons permitted by this Protective Order to receive disclosures of HIGHLY CONFIDENTIAL information. HIGHLY CONFIDENTIAL information shall not be disclosed to any person except those listed in Paragraph 5, subparagraphs (a), (b), (d), (e), and (f). HIGHLY CONFIDENTIAL information may be disclosed to persons listed in Paragraph 5,

subparagraphs (c) and (g) only to the extent necessary to prepare these persons for depositions or court proceedings, and only if they understand and concur with their responsibility to maintain the confidentiality of the information pursuant to this Protective Order and not to disclose or reveal it with anyone who is not authorized to receive HIGHLY CONFIDENTIAL information pursuant to this Protective Order.

8.  Counsel or persons regularly employed by or associated with counsel may designate information as CONFIDENTIAL or HIGHLY CONFIDENTIAL only after a review of the information and based on a good faith belief that the information is CONFIDENTIAL or HIGHLY CONFIDENTIAL or otherwise entitled to protection.

9.  Documents are designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Indicating "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the electronic file name of a document produced electronically shall designate all contents of the electronic document to be CONFIDENTIAL or HIGHLY CONFIDENTIAL.

10.  Whenever a deposition involves the disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL or HIGHLY CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

11. A party may object to the designation of particular CONFIDENTIAL or HIGHLY CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL or HIGHLY CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL or HIGHLY CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL.

12. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL or HIGHLY CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL or HIGHLY CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL or HIGHLY CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

13. In the event any information or document is produced that the producing party later claims is protected by the attorney-client privilege, work product doctrine or other privilege or immunity, the receiving party shall, within five (5) business days of receipt of a written request by the producing party, return the original to the producing party, destroy all copies thereof and delete any copy of the documents, or any portion thereof, from any word processing or data base tape or disk it maintains. Inadvertent production of privileged, work product-protected or immune documents in the course of discovery in this action shall not constitute a waiver of any privilege, work product protection or immunity, either as to the produced document or as to any other documents or communications. Return of a document for which the producing party has asserted a claim of privilege, work-product-protection, or immunity under this paragraph shall be without prejudice to the receiving party's right to seek an order from the Court directing production of the information or document on the ground that the claimed privilege, work product protection or immunity is invalid; provided, however, that mere production of the information or document in the course of this action shall not be a ground for asserting waiver of the privilege, protection or immunity.

14. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated January 20, 2011.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

**APPROVED AS TO FORM AND CONTENT:**

DAVIS GRAHAM & STUBBS LLP

*Original signature on file*

*s/ Erin McAlpin Eiselein*
_____
Thomas P. Johnson
John A. Francis
Erin McAlpin Eiselein
DAVIS GRAHAM & STUBBS LLP
1550 Seventeenth Street, Suite 500
Denver, CO  80202
Telephone:  (303) 892-9400
Tom.Johnson@dgslaw.com
John.Francis@dgslaw.com
Erin.Eiselein@dgslaw.com

and

James R. Higgins, Jr.
Rebecca Grady Jennings
MIDDLETON & REUTLINGER
2500 Brown & Williamson Tower
Louisville, Kentucky 40202
Telephone:  (502) 584-1135
jhiggins@middreut.com
rjennings@middreut.com

Attorneys for Plaintiffs HealthONE of Denver, Inc.
and HCA-HealthONE LLC



FULBRIGHT & JAWORSKI, L.L.P.

*Original signature on file*


*s/ C. Ashley Callahan*
_____
Richard J. Groos
C. Ashley Callahan
Brandon M. Ress
**FULBRIGHT & JAWORSKI, L.L.P.**
600 Congress Avenue, Suite 2400

Austin, TX  78701

Benjamin M. Vetter
Osborne J. Dykes, III
**FULBRIGHT & JAWORSKI, L.L.P.**
370 17th Street, Suite 2150
Denver, CO  80202

## **EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01633-WYD-BNB

HEALTHONE OF DENVER, INC., a Colorado corporation, et al.

    Plaintiffs,

v.

UNITEDHEALTH GROUP INCORPORATED, a Minnesota corporation,

    Defendant.

---

### **ACKNOWLEDGEMENT OF PROTECTIVE ORDER**

---

I, _____, have read and understand the Stipulated Protective Order entered in this action (the "Protective Order"). I understand that confidential documents or other sources of information which have been designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to the Protective Order are to be disclosed to me for use by me solely in connection with prosecution or defense of claims involved in this action. I further understand that the Protective Order prohibits me from either using or disclosing such CONFIDENTIAL or HIGHLY CONFIDENTIAL documents or other sources of information for any purpose other than as set forth in and pursuant to the Protective Order. If I violate the Protective Order, I understand that I may be held in contempt of Court, and I submit to the Court's jurisdiction for enforcement of the Protective Order.

Notwithstanding the foregoing, this endorsement shall not apply to any documents or information validly obtained by me or my employer independent from this action.

                                                    (Signature)

Dated: _____           Print name and address:

STATE OF _____ )
                                      ) ss.
COUNTY OF _____ )

The foregoing instrument was acknowledged before me this \_\_\_\_\_ day of _____, \_\_\_\_ by _____.

Witness my hand and official seal.

My commission expires: _____

                                                    _____
                                                    Notary Public