IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  10-cv-01633-WYD-BNB

HEALTHONE OF DENVER, IND., a Colorado corporation;
HCA-HEALTHONE LLC, a Colorado limited liability company,

    Plaintiffs,

v.

UNITEDHEALTH GROUP INCORPORATED, a Minnesota corporation,

    Defendant.

_____

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**
_____

    This matter is before the Court on Defendant's Objection to the Magistrate Judge's Denial of Its Motion for Protective Order filed October 13, 2011.  Defendant UnitedHealth Group, Inc ["UnitedHealth"] objects to Magistrate Judge Boland's Order of September 22, 2011 (ECF No. 109), which denied UnitedHealth's Motion for Protective Order (ECF No. 91).  That motion sought an order prohibiting Plaintiffs from pursuing discovery related to UnitedHealth's "Optum" lines of business.  A response to UnitedHealth's Objection was filed on October 31, 2011, and a reply was filed on November 14, 2011.

    I also note that on November 14, 2011, after being denied a stay of the discovery related to the OptumHealth discovery by Magistrate Judge Boland, UnitedHealth filed a Motion to the District Judge for Stay of Plaintiffs' Optum-Related Discovery Pending

Appeal to the District Judge.  That motion is denied as moot since this Order addresses the merits of the Objection.

Turning back to UnitedHealth's Objection, I must review Magistrate Judge Boland's Order to determine whether it is "clearly erroneous or contrary to law" since the nature of the matter is nondispositive.  Fed. R. Civ. P. 72(a).  "The clearly erroneous standard. . . requires that the reviewing court affirm unless it 'on the entire evidence is left with the firm and definite conviction that a mistake has been committed.'"  *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quotation omitted).  Under this standard, the magistrate judge's findings should not be rejected merely because the court would have decided the matter differently.  *Sedillos v. Bd. of Education of School Dist. No. 1*, No. 03CV01626, 2005 WL 2086008, at *33 (D. Colo. 2005) (citing *Anderson v. City of Bessmer*, 470 U.S. 564, 573 (1985)).

As support for its objection, UnitedHealth asserts that the Complaint alleges infringement of a single mark, "HealthONE," by a single UnitedHealth mark, "UnitedHealthOne" which is used in connection with hospitals and outpatient care facilities located exclusively in Colorado.  The "UnitedHealthOne" mark is not, according to UnitedHealth, used to identify hospitals and outpatient clinics, and "HealthONE" is not used to sell insurance.

UnitedHealth argues that the central issue in the case is whether consumers are likely to confuse UnitedHealth's "UnitedHealthOne" trademark with the Plaintiffs' "HealthONE" mark, and it is this issue that must frame the scope of discovery.  It further argues that Plaintiffs' discovery goes far afield from this scope, as they seek discovery into the activities of certain UnitedHealth subsidiaries, primarily UnitedHealth's "Optum"-

branded businesses, that do not sell any products and services under the "UnitedHealthOne" mark or anything remotely close to it.  Discovery as to these businesses [hereinafter referred to as "the Optum discovery"] is thus argued not to be relevant to the issue of competition because there is no similarity between the marks used by the Optum businesses and Plaintiff's mark, even though certain marketing materials sometimes contain both the terms "Optum" and "UnitedHealthOne".  In other words, UnitedHealth argues that absent a similarity between the marks which Plaintiffs have not shown, the fact that the services compete is irrelevant in the context of a trademark claim.

UnitedHealth thus asserts that the Magistrate Judge's ruling was clearly erroneous as it allowed discovery regarding UnitedHealth subsidiaries and third-party businesses whose operations are not relevant to the claims pleaded by Plaintiffs.  It further asserts that Plaintiffs should be prohibited from pursuing this irrelevant, harassing and competitively sensitive discovery, and from using their mark to assert some exclusive right to provide patient services irrespective of the use of any mark accused of infringement.  Moreover, to the extent that the discovery has any relevance, UnitedHealth asserts that it is easily outweighed by the burden involved in collecting and producing the required information.

In response, Plaintiffs state that they are not attempting to assert any type of trademark claim against the Optum businesses.  Instead, UnitedHealth has steadfastly argued throughout this dispute that it is a health insurance company and not a provider of direct patient care like HealthONE.  Plaintiffs assert that they learned during the pendency of this case that UnitedHealth is not merely an insurance company but is now

providing patient care through certain businesses branded under the name "Optum." Plaintiffs argue that this development became critical to their claims when they learned that UnitedHealth jointly markets the Optum businesses with its UnitedHealthOne products and services, deliberately presenting an intertwined package of products and services to its customers.

It is contended by Plaintiffs that the extent to which UnitedHealth provides patient care is directly relevant and necessary to HealthONE's trademark infringement claim because the similarity of the parties' products and services is one of the six enumerated factors used to analyze likelihood of confusion between a registered trademark and an infringing mark. In other words, it is argued that the Optum discovery is relevant for two reasons—to determine the extent to which HealthONE and UnitedHealth's products and services are related, and to rebut UnitedHealth's argument that it is just a health insurance company and not in a field related to that of Plaintiffs.

Plaintiffs further assert that Magistrate Judge Boland agreed with the above analysis when he denied UnitedHealth's Motion for Entry of a Protective Order and rejected many of the same arguments it now presents to this Court. He specifically found that HealthONE's narrow discovery requests regarding Optum are reasonably calculated to lead to the discovery of admissible evidence and that they are not overly burdensome to United. Plaintiffs contends that this ruling is not clearly erroneous or contrary to law, and that UnitedHealth's Objection should be overruled.

I agree with Plaintiffs that UnitedHealth's Objection should be overruled, as I find that it has not shown that Magistrate Judge Boland's ruling was clearly erroneous or contrary to law. First, I find no error with the Magistrate Judge's ruling that the Optum

discovery sought by Plaintiffs is relevant.  Fed. R. Civ. P. 26(b)(1) relating to discovery "has been construed broadly to encompass any matter that bears on, or could reasonably could lead to another matter that could bear on, any issue that is or may be in the case."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

Magistrate Judge Boland found that the Optum discovery is relevant to Plaintiffs' trademark infringement claim on the likelihood of confusion issue because Plaintiffs presented evidence that UnitedHealth may be moving into or is in the business of health care through its Optum lines of businesses, and is jointly marketing and intertwining the UnitedHealth name and mark with the OptumHealth name.  (Hearing Transcript of September 22, 2011 Motions Hearing ["Hearing Transcript"] at 21-22, ECF No. 115.)  I agree with Magistrate Judge Boland that since UnitedHealth has argued that there is no likelihood of confusion in this case because it is an insurance provider and HealthOne is a health care services provider, evidence that UnitedHealth acquired physicians and medical practices across the county that directly provide care to patients is relevant to refute that argument.  The fact that UnitedHealth may, through subsidiaries, now be providing patient care services means that the parties' products and services would be directly related.  The products only need to be "related" in order to prove trademark infringement, the parties' products and services do not need to be directly competitive. *Team Tires Plus Ltd. v. Tires Plus Ltd.*, 394 F.3d 831, 834-35 (10th Cir. 2005).  Based on the foregoing, I certainly cannot find that Magistrate Judge Boland's ruling on relevance is clearly erroneous or contrary to law.

While UnitedHealth argues that the discovery is not relevant because the HealthOne and OptumHealth marks are not even remotely similar, that is not the issue.

Plaintiffs are not suing the Optum businesses for trademark infringement and the Optum discovery is not sought for that purpose. Instead, I agree with Magistrate Judge Boland that the services offered by UnitedHealth under the Optum lines of business, which he found were jointly marketed by UnitedHealth and Optum with an intertwining of its brands are relevant to establish that consumers will associate United's patient care services with its insurance services. This renders UnitedHealth's products and services more similar to HealthONE's.[1]

I further find that UnitedHealth has not shown that Magistrate Judge Boland's rejection of its argument that the discovery is overly broad is clearly erroneous or contrary to law. As Magistrate Judge Boland explained in his oral ruling at the September 22, 2011 hearing, Plaintiffs' inquiries regarding Optum relate only to two narrow issues: (1) whether UnitedHealth provides direct patient care services to patients, in response to UnitedHealth's defense that it is an insurance company; and (2) the likelihood that consumers may associate the services provided by UnitedHealthOne with those provided by Optum due to United's joint marketing of those brands. (Hearing Transcript at 22-23.) I also agree with Plaintiffs' argument that UnitedHealth did not meet its burden of demonstrating "good cause" why HealthONE's deposition notice and

---

[1] Plaintiffs assert that so far, UnitedHealth has produced more than 500 pages of marketing materials for UnitedHealthOne consumers that also promote Optum services or products. Magistrate Judge Boland emphasized the potential confusion of the joint marketing and specifically rejected UnitedHealth's argument that the joint marketing materials referenced Optum the same as any other third party. Magistrate Judge Boland stated to UnitedHealth, "I heard you just say that OptumHealth doesn't practice at all under the [UnitedHealthOne] mark, but [the advertisement at] Exhibit D is exactly that. You've got OptumHealth, an ad for OptumHealth, and above it is the UnitedHealthOne mark, which is the mark that's in dispute here." (Hearing Transcript at 6.) Magistrate Judge Boland rejected United's argument that it was not intertwining the UnitedHealthOne and Optum marks to its advantage, finding that the joint advertising of the Optum and UnitedHealthOne products and services "could cause confusion." (*Id.* at 22.)

written discovery requests are so inappropriate or oppressive as to require entry of a protective order. Instead, it is simply rehashing arguments presented to, and properly rejected by, Magistrate Judge Boland. Again, at the very least, I find that Magistrate Judge Boland's ruling on this issue was not clearly appropriate or contrary to law.

To the extent UnitedHealth argues that Plaintiffs have not provided any authority for their assertion that the Optum discovery is relevant, I note that the converse is also true. UnitedHealth has not provided any authority which shows that the discovery sought is not relevant or not subject to production. Given the broad scope of discovery as well as the fact that it is UnitedHealth's burden to show that the ruling of Magistrate Judge Boland is clearly erroneous or contrary to law, I reject that argument as a basis to sustain UnitedHealth's objection. Further, to the extent UnitedHealth argues that Plaintiffs misrepresented when they found out about its non-insurance business, I do not find that is a basis to deny the Optum discovery as this discovery was sought before the discovery cut-off period. In other words, as noted by Magistrate Judge Boland, the discovery is timely, regardless of when Plaintiffs learned about this issue. (Hearing Transcript at 17.)

Moreover, I agree with Plaintiffs that although UnitedHealth continues to claim that HealthONE's discovery requests are too burdensome, Magistrate Judge Boland expressly disagreed and UnitedHealth has not presented any new supporting evidence in its Objection. Again, I find that Magistrate Judge Boland's findings on this issue are not clearly erroneous or contrary to law. Finally, to the extent UnitedHealth complains about the sensitive nature of the material sought, the court-ordered Protective Order in place in this case (ECF No. 46) prohibits both parties from using discovery outside of

this litigation and UnitedHealth has not shown that this is inadequate to protect it in connection with such material.

Based upon the foregoing, it is

ORDERED that Defendant's Objection to Magistrate Judge's Denial of Its Motion for Protective Order filed October 13, 2011. (ECF No 116) is **OVERRULED**, and the September 22, 2011 Order of Magistrate Judge Boland (ECF No. 109) is **AFFIRMED**.  It is

FURTHER ORDERED that Defendant's Motion to the District Judge for Stay of Plaintiffs' Optum-Related Discovery Pending Appeal to the District Judge (ECF No.141) is **DENIED AS MOOT**.

Dated:  December 21, 2011

BY THE COURT:

s/ Wiley Y. Daniel  
Wiley Y. Daniel  
Chief United States District Judge