IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01633-WYD-BNB

HEALTHONE OF DENVER, INC., a Colorado corporation, et al.

     Plaintiffs,

v.

UNITEDHEALTH GROUP INCORPORATED, a Minnesota corporation,

     Defendant.

---

## HEALTHONE'S UNOPPOSED MOTION TO RESTRICT ACCESS

---

Pursuant to Fed. R. Civ. P. 5.2 and D.C.COLO.LCivR. 7.2, Plaintiffs HealthONE of Denver, Inc. and HCA-HealthONE LLC (together, "HealthONE"), submit this Unopposed Motion to Restrict Access ("Motion"). In support of this Motion, HealthONE states as follows:

### D.C.COLO.LCivR 7.1(A) CERTIFICATION

Undersigned counsel has conferred with counsel for Defendant UnitedHealth Group, Incorporated ("United") in accordance with D.C.COLO.LCivR 7.1(A). United's counsel states that United does not oppose HealthONE's request to restrict access to the confidential information as requested in this Motion.

1.    The Court entered the current Stipulated Protective Order on January 20, 2011 (Dkt. #46). The Stipulated Protective Order permits producing parties to designate confidential and proprietary information as "Confidential" and "Highly Confidential."

2.      Under the terms of the Stipulated Protective Order, "Confidential" means that the portions so designated "concern[] trade secrets, proprietary information, or other business or proprietary information that [are] not publicly available."  Additionally, "Highly Confidential" means that the portions so designated are "extremely sensitive Confidential information of a proprietary business or technical nature, that would be of great value to a competitor, potential competitor, customer, and/or potential customer . . . , and whose disclosure to another party or non-party would create substantial risk of serious injury that could not be avoided by less restrictive means."

3.      To maintain the confidential nature of information produced by the parties in accordance with the terms of the Stipulated Protective Order, the parties must file under seal (or now, move to restrict access to) documents which contain information marked "Confidential" or "Highly Confidential."

4.      HealthONE seeks Level 1 restricted access—access limited to the Court and the parties—to HealthONE's Response in Opposition to United's Motion for Summary Judgment ("SMJ Response") and certain of the SMJ Response Exhibits attached thereto, including the following:

   a.      SMJ Response Exhibit 2, Brand Council, Oct. 17, 2007 at UHO 005113, which United has designated as "Confidential."

   b.      SMJ Response Exhibit 6, Golden Rule National Rebranding Effort at UHO 56229, 56263, 56233, 56229, which United has designated as "Confidential."

c.      SMJ Response Exhibit 7, Trademark Research Report at UHG 01343, which United has designated as "Confidential."

d.      SMJ Response Exhibit 32, Golden Rule National Branding Effort at UHO 56157, which United has designated as "Confidential."

e.      SMJ Response Exhibit 34, CAHPS Member Satisfaction Survey at UHO 059655, 59657-59, which United has designated as "Highly Confidential."

f.      SMJ Response Exhibit 35, 2009 J.D. Power National Health Insurance Plan Study–Regional Summary at 62501, which United has designated as "Highly Confidential."

g.      SMJ Response Exhibit 36, 2010 J.D. Power National Health Insurance Plan Study–West Region at 62016, 62020, which United has designated as "Highly Confidential."

h.      SMJ Response Exhibit 37, 2011 J.D. Power National Health Insurance Plan Study–West Region at 60769-73, which United has designated as "Highly Confidential."

i.      SMJ Response Exhibit 50, Deposition of OptumHealth Group, which HealthONE expects that United will designate as "Highly Confidential."

j.      SMJ Response Exhibit 51, Optum Collaborative Care Overview at OPTUM 24-41, which United has designated as "Highly Confidential."

k.      SMJ Response Exhibit 58, United financial spreadsheet at UHO 0055500-06, which United has designated as "Highly Confidential."

l.      SMJ Response Exhibit 82, Expert Witness Report of Basil G. Englis, Ph.D., which HealthONE has designated as "Confidential" and "Highly Confidential."

5.      HealthONE's SMJ Response and the Expert Witness Report of Basil G. Englis, Ph.D. each contain certain non-public and commercially sensitive information concerning HealthONE.

6.      Additionally, HealthONE assumes that United's "Confidential" and "Highly Confidential" designations on the above-listed documents have been made due to certain non-public information contained or relied upon therein.

7.      In restricting public access to the above-listed documents, the parties' interests in maintaining the confidential and proprietary nature of certain commercially-sensitive business information are protected.  Additionally, competitors are not able to obtain any undue advantage since the information would remain confidential.

8.      If such information is made publicly available, the parties would suffer competitive injury and their competitors would acquire an undue advantage.

9.      HealthONE has requested the least restrictive means to protect the parties' confidential information and is asking this Court only to seal the SMJ Response and certain specific exhibits thereto.  The other 71 exhibits to the SMJ Response do not contain commercially sensitive or confidential information and those have been filed without restricted access and are available to the public.

## CONCLUSION

For these reasons, HealthONE respectfully requests that its Response in Opposition to

United's Motion for Summary Judgment and certain of its Exhibits receive Level 1 restricted access, making such information and documents available only to this Court and the parties, to protect the parties' confidential and highly confidential information.

Dated this 13th day of March, 2012.

s/ *Thomas P. Johnson*
Thomas P. Johnson
John A. Francis
Erin McAlpin Eiselein
DAVIS GRAHAM & STUBBS LLP
1550 Seventeenth Street, Suite 500
Denver, CO  80202
Telephone:  (303) 892-9400
Tom.Johnson@dgslaw.com
John.Francis@dgslaw.com
Erin.Eiselein@dgslaw.com

and

James R. Higgins, Jr.
Rebecca Grady Jennings
MIDDLETON & REUTLINGER
2500 Brown & Williamson Tower
Louisville, Kentucky 40202
Telephone:  (502) 584-1135
jhiggins@middreut.com
rjennings@middreut.com

Attorneys for Plaintiffs HealthONE of Denver, Inc. and HCA-HealthONE LLC

## CERTIFICATE OF SERVICE

I certify that on this 13th day of March, 2012, I electronically filed the foregoing **HEALTHONE'S UNOPPOSED MOTION TO RESTRICT ACCESS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to attorneys for defendant at the following e-mail addresses:

Clay James
        clay.james@hoganlovells.com

Srecko "Lucky" Vidmar
        lucky.vidmar@hoganlovells.com

Andrew Lillie
        Andrew.lillie@hoganlovells.com

Richard Groos
        rgroos@fulbright.com

C. Ashley Callahan
        acallahan@fulbright.com

Brandon M. Ress
        bress@fulbright.com


/s/ ____Hilary Clyne_____